UNITED STATES of AMERICA
WESTERN DISTRICT OF MICHIGAN

SHELDON HUSS,

    Plaintiff,                                  DEMAND FOR JURY TRIAL

-vs-                                           Case No.
                                                Hon.

BROOKFIELD CHRYSLER DODGE JEEP, INC., and
UNITED FEDERAL CREDIT UNION,

    Defendants.

## COMPLAINT FOR ODOMETER FRAUD AND JURY DEMAND

## JURISDICTION

1. This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2. As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

## PARTIES

3. The Plaintiff to this lawsuit is Sheldon Huss who resides in Uniondale, Indiana.

1

4. The Defendants to this lawsuit are as follows:

   a. Brookfield Chrysler Dodge Jeep, Inc. ("BCDJI") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

   b. United Federal Credit Union ("UFCU"), which is a corporation doing business in Michigan, maintains its branch office at 2807 South State Street, St. Joseph, MI 49085 and may be served there.

5. At all relevant times BCDJI – in the ordinary course of its business – regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

6. BCDJI is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

7. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, UFCU is subject to all claims and defenses that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

## VENUE

8. The transactions and occurrences which give rise to this action occurred in Berrien County.

9. Venue is proper in the United States District Court for the Eastern District of Michigan.

## GENERAL ALLEGATIONS

10. On or about June 25, 2021, Plaintiff purchased a certain 2009 Cadillac Escalade, VIN 1GYFK13219R248994 ("the vehicle") from BCDJI and BCDJI extended credit to Plaintiff as evidenced in the retail installment contract.

11. The retail installment contract is currently held by UFCU.

12. Before consummating the purchase of the vehicle, BCDJI made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

   a. the vehicle had 92,387 miles on it

   b. the vehicle's odometer read actual miles

13. Before executing the purchase agreement, BCDJI made the following specific representations which constituted express warranties:

    a. the vehicle had 92,387 miles on it

    b. the vehicle's odometer read actual miles

14. Defendants had actual knowledge that the odometer did not read actual miles.

15. Defendants knew or should have known that the odometer did not read actual miles.

16. The vehicle did not meet BCDJI's specific representations which constituted express warranties.

17. Plaintiff traded in a vehicle in order to obtain the vehicle.

18. That trade-in vehicle was a 2007 Ford Taurus.

19. The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. § 440.2101 *et seq*.

20. Plaintiff properly rescinded, canceled, or otherwise terminated the contract of sale, thereby requiring BCDJI to return of all payments for the vehicle, cancel the security interest in the vehicle, and return the motor vehicle retail instalment sales contract.

21. Plaintiff suffered damages as a result of the acts and omissions set forth herein.

## COUNT I -- Federal Odometer Act

## (BCDJI & UFCU)

22. Plaintiff incorporates the preceding allegations by reference.

23. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, UFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

24. By failing to provide Plaintiff with a legal and conforming odometer disclosure at the time of sale, BCDJI has, with intent to defraud, violated the Federal Odometer Act, 49 U.S.C. § 32701-32711.

25. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

26. The odometer statement presented to Plaintiff did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Plaintiff.

27. BCDJI knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Plaintiff.

28. BCDJI knew or had reason to know of the inaccuracy of the odometer statement relating to the vehicle, which statement was presented to Plaintiff.

29. BCDJI failed to provide the required disclosure of mileage on the reassignment of title as required by 49 U.S.C. §§32701-32711 *et seq*.

30. Plaintiff suffered damages as a result of the violations set forth herein.

## COUNT II -- Michigan Odometer Act

### (BCDJI & UFCU)

31. Plaintiff incorporates the preceding allegations by reference.

32. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, UFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

33. The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

34. The odometer statement presented to Plaintiff did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold.

35. BCDJI knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Plaintiff.

36. BCDJI failed to provide the required disclosure of mileage on the reassignment of title as required by M.C.L. §257.233a.

## COUNT III -- Violation of Michigan Consumer Protection Act

## (BCDJI & UFCU)

37. Plaintiff incorporates the preceding allegations by reference.

38. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, UFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

39. BCDJI is engaged in trade or commerce as that terms is defined in M.C.L. § 445.902.

40. BCDJI has engaged in one or more of deceptive or unfair practices prohibited by the Michigan Consumer Protection Act, M.C.L. § 445.903, including but not limited to the following:

   a. Causing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

   b. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has sponsorship, approval, status, affiliation, or connection that he or she does not have.

 c. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

 d. Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

 e. Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

 f. Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

    g.    Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

    h.    Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

    i.    Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

    j.    Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

41. Plaintiff suffered damages as a result of these violations of the Michigan Consumer Protection Act.

## **COUNT IV -- Misrepresentation**
## **(BCDJI & UFCU)**

42. Plaintiff incorporates the preceding allegations by reference.

43. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, UFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

44. The material representations were intended to induce the reliance of Plaintiff.

45. The material representations did induce the reasonable reliance of Plaintiff.

46. BCDJI made the material representations with actual knowledge of their falsity.

47. BCDJI made the material representations with reckless disregard to their truth or falsity.

48. BCDJI made the material representations even though it should have known that they were false.

49. These actions constitute a misrepresentation upon Plaintiff.

50. Plaintiff suffered damages as a result of this misrepresentation.

## COUNT V -- Breach of Contract

### (BCDJI & UFCU)

51. Plaintiff incorporates the preceding allegations by reference.

52. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, UFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

53. BCDJI's tender of the performance did not conform as a result of the vehicle's substantial odometer rollback at the time of delivery.

54. The failure of BCDJI to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

55. Plaintiff suffered damages as a result of this breach of contract.

## COUNT VI -- Breach of Warranties

### (BCDJI & UFCU)

56. Plaintiff incorporates the preceding allegations by reference.

57. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, UFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

58. BCDJI has breached its express warranties.

59. Plaintiff suffered damages as a result of these breaches of warranty.

## COUNT VII -- UCC Revocation Of Acceptance

## (BCDJI & UFCU)

60. Plaintiff incorporates the preceding allegations by reference.

61. Under M.C.L. § 492.114a and pursuant to the express terms of the contract, UFCU is subject to the claims set forth in this Count that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Plaintiff.

62. The nonconformity of the vehicle could not have been reasonably discovered by Plaintiff at the time BCDJI tendered delivery.

63. Plaintiff would not have accepted the vehicle had Huss known that the vehicle was nonconforming.

64. BCDJI has not made its tender of delivery conforming.

65. Plaintiff sent notice of revocation within a commercially reasonable time.

66. Plaintiff suffered damages as a result of this failure to provide a conforming tender or return of purchase price after revocation of acceptance.

## JURY DEMAND

67. Plaintiff requests a jury trial in this case.

## **REQUEST FOR RELIEF**

Plaintiff requests that this Honorable Court assume jurisdiction over this case and including all supplemental claims, award actual damages, treble damages, statutory and punitive damages, costs, and attorney fees.

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By: /s/ Adam G. Taub
     Adam G. Taub (P48703)
     Attorney for Sheldon Huss
     17200 West 10 Mile Rd. Suite 200
     Southfield, MI 48075
     Phone:  (248) 746-3790
     Email:  adamgtaub@clgplc.net

Dated:  February 9, 2023